UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.
LISA FISHER,

                                      **COMPLAINT**

               Plaintiff,

       -against-                       **PLAINTIFF DEMANDS
                                         A TRIAL BY JURY**

MERMAID MANOR HOME FOR ADULTS, LLC,

               Defendant.
-----------------------------------------------------------------X

        Plaintiff, LISA FISHER (hereinafter "Plaintiff") by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being **Harassed and Discriminated against on the basis of her National Origin (African-American), and Retaliated Against.**

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission (hereinafter "EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated March 10, 2014, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. The action was timely commenced within ninety (90) days of receipt of said Notice.

## PARTIES

8. At all times relevant, Plaintiff was and is a resident of the State of New York, and the County of Kings.

9. At all times relevant, Defendant MERMAID MANOR HOME FOR ADULTS, LLC ("MERMAID MANOR") was and is a domestic business corporation duly existing under and by virtue of the laws of the State of New York, and maintains its principal place of business at 3602 Mermaid Avenue, Brooklyn, New York, NY 11224.

10. At all times relevant, Defendant MERMAID MANOR owns and/or operates a senior citizens assisted living center located at 3602 Mermaid Avenue, Brooklyn, NY 11224 ("the center").

## MATERIAL FACTS

11. In or around August 2010, Plaintiff became employed by Defendant MERMAID MANOR as a "home health aide" at the center.

12. Upon commencing work at the center, Plaintiff began noticing that her fellow co-workers of West Indian descent disparately treated the African-American staff members.

2

13. By way of example, Plaintiff's West-Indian co-workers constantly offered to help out one another (West-Indians), however the West-Indian co-workers rarely, if ever, offered to help their African-American co-workers, and further, when the African-Americans asked their West-Indian co-workers to help them, they refused.

14. By way of further example, the West-Indians staff members at the center congregated in a break room and effectively segregated it from use by African-American staff members. Specifically, the West-Indian staff members made it very unwelcome for African-Americans to be in the same room as they made belittling and negative comments in an effort to get them to leave.

15. Furthermore, the West-Indian staff members repeatedly and unwarrantedly spoke to the African-American staff members (Plaintiff included) in a condescending manner. The West-Indian staff members did not speak to one another in this manner.

16. This behavior was condoned by Plaintiff's supervisors, and in fact, certain supervisors contributed to it by engaging in said behavior.

17. In or around April 2013, Plaintiff became the victim of an extremely offensive instance of discrimination on the basis of her national origin (African-American).

18. Specifically, in or around late April 2013, unbeknownst to Plaintiff at the time, a co-worker of hers of West-Indian descent named Yvonne Kelly ("Kelly") took numerous photographs of Plaintiff while they were both working at the center. Shortly thereafter, another co-worker of Plaintiff's of West-Indian descent named Lisi Laurent ("Laurent") created a collage including two of these photographs as well as a third photograph of a chimpanzee character from the 'Planet of the Apes' movie, and posted the collage on the internet social networking website Instagram.

19. Further, Laurent wrote a caption for the collage, which stated: "Yo dont my fucking coworker looks like conellsussssssssss from the movie PLANET of the APES lmfaooo."

20. In or around the first week of May 2013, a friend showed Plaintiff the collage which had been posted on Instagram.

21. The following day, Plaintiff told a Defendant MERMAID MANOR supervisor named Kathy (last name unknown) that she had been subjected to discrimination and showed Kathy a copy of the collage. Plaintiff also told another supervisor named Marty (last name unknown). Plaintiff specifically stated that the two individuals behind the collage were Laurent and Kelly.

22. Shortly thereafter, Plaintiff met with another Defendant MERMAID MANOR supervisor named Malka (last name unknown) about an unrelated matter. Malka observed that Plaintiff was distraught and emotionally distressed and asked Plaintiff to meet with her (Malka) in order to discuss things privately. When they met, Plaintiff explained the harassment and discrimination that had been ongoing at the center, as well as about the collage. Rather than being sympathetic, Malka was dismissive of Plaintiff's concerns, telling Plaintiff that she is "bigger than that," and that her (Plaintiff's) co-workers were merely "jealous." Malka also told Plaintiff that she did not consider this "a serious issue."

23. On or about May 13, 2013, there was a meeting at the center attended by the managers and all home health aides (Plaintiff included). At that meeting, Marty briefly addressed the collage incident and stated that Defendant MERMAID MANOR was "still looking into it," but assured everyone that "nobody is going to be fired." He also told the home health aides that taking photographs of individuals at the center was prohibited without

permission from the individual being photographed.

24. After this meeting, the discrimination and harassment at the hands of Plaintiff's West-Indian co-workers worsened. Furthermore, Plaintiff's West-Indian co-workers created a retaliatory hostile work environment condoned and/or acquiesced to by Defendant MERMAID MANOR.

25. By way of example, Kelly began intentionally going out her way in order to engage in physical contact and bump into Plaintiff when they passed one another in the hallway.

26. Also, Plaintiff's West-Indian co-workers continued to take photographs with their cell phones of Plaintiff in an effort to harass her.

27. Further, Kelly and Laurent routinely and continuously laughed in Plaintiff's face in a mocking and intentional manner. Plaintiff understood Kelly's and Laurent's laughing as a way to mock Plaintiff for essentially "getting away" with the collage incident. One such laughing incident occurred on or about February 8, 2014 in the center's lunchroom.

28. During this time, Plaintiff requested from supervisors of Defendant MERMAID MANOR that her patient assignments exclude any patient who shared a room with one of Kelly's patients. Plaintiff explained that she did not feel comfortable or safe in a room with Kelly and no other co-workers present. Nevertheless, Defendant MERMAID MANOR failed to take any corrective action and Plaintiff continued to service patients sharing rooms with patients of Kelly, and thus, Plaintiff was forced to be in the same room one-on-one with Kelly.

29. Also, on or about February 15, 2014, Plaintiff called out sick. When she returned on February 16, 2014, she discovered that her work book had been destroyed. Plaintiff was later told by an African-American co-worker that Kelly was the person who destroyed her

book.

30. Additionally, upon information and belief, Kelly intentionally destroyed numerous patient reports which had been drafted by Plaintiff. This was done in a further effort to harass Plaintiff and frustrate her ability to do her job. Upon information and belief, Kelly did not do this to their co-workers of West-Indian descent.

31. Also, upon Plaintiff entering a room where Kelly was present, Kelly often stated in a condescending and offensive manner, "You smell that?" to the comical delight of other co-workers of West-Indian descent.

32. This conduct by Kelly was ongoing, pervasive, and incidents of further harassment occurred practically every day.

33. From May 2013 through February 2014, Plaintiff complained at least two to three times every week to supervisors of Defendant MERMAID MANOR regarding the ongoing harassment and discrimination she faced at the hands of Kelly. However, Defendant MERMAID MANOR continued to condone and/or acquiesce to the unlawful hostile work environment and failed to take any corrective action.

34. Namely, Plaintiff's supervisors repeatedly dismissed her complaints. On one such instance, a supervisor told Plaintiff that she was "making a big thing out of nothing." Also, on another instance, a different supervisor told Plaintiff that she (the supervisor) "wouldn't have let it bother [her]," and that "[she] would not have paid it any mind."

35. Furthermore, Defendant acquiesced to, and contributed in creating, a known unlawful hostile work environment based upon Plaintiff's national origin (African-American).

36. But for Plaintiff's national origin (African-American), she would not have faced discrimination and/or been subjected to an unlawful hostile work environment.

37. Plaintiff has become disturbed and distressed by the blatant discrimination she has suffered on the basis of her national origin (African-American).

38. Based on the foregoing, Plaintiff has been damaged as a result of Defendant's discrimination.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced emotional distress.

40. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages.

41. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin (African-American).

44. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et. seq.*, by discriminating against Plaintiff because of her national origin (African-American).

## AS A SECOND CAUSE OF ACTION

## FOR RETALIATION UNDER TITLE VII

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

   "(1) to ... discriminate against any of his employees ... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et. seq.*, by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

48. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

50. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by discriminating against Plaintiff because of her

national origin (African-American).

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer ... to discriminate against any person because such person has opposed any practices forbidden under this chapter ..."

53. Defendant engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory

   responsibility; or

   2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

   c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

56. Defendant violated the section cited herein as set forth.

## JURY DEMAND

57. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and the New York City Administrative Code § 8-107, *et. seq.*, in that Defendant discriminated against

Plaintiff on the basis of her national origin (African-American);

B. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
May 29, 2014

                              **PHILLIPS & ASSOCIATES,**
                              **ATTORNEYS AT LAW, PLLC**

By: _[signature]_
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
cwolnowski@tpglaws.com

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lisa Fisher
2949 West 28th Street
Brooklyn, NY 11224

From: New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2013-02772 | John B. Douglass, Investigator | (212) 336-3765 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

3-10-2014
(Date Mailed)

Enclosures(s)

cc: MERMAID MANOR HOME FOR ADULTS
c/o Adam G. Guttell
JACKSON LEWIS, P.C.
58 South Service Road
Suite 410
Melville, NY 11747

Casey Wolnowski, Esq.
PHILIPS AND ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006