## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
        PAUL J. SIEGEL, ESQ.
        ADAM G. GUTTELL, ESQ.

-------------------------------------------------------x

LISA FISHER,

                    Plaintiff,

      -against-

MERMAID MANOR HOME FOR
ADULTS, LLC,

                Defendant.

-------------------------------------------------------x

Case No.: CV-14-3461
Kuntz, J.
Orenstein, M.J.

TO:   Casey Wolnowski, Esq.
       PHILLIPS & ASSOCIATES
       ATTORNEYS AT LAW, PLLC
       *Attorneys for Plaintiff*
       45 Broadway, Suite 620
       New York, New York  10006

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, MERMAID MANOR HOME FOR ADULTS, LLC ("Mermaid Manor" or the "Company"), by its attorneys, Jackson Lewis P.C., in Answer to Plaintiff's Complaint, state as follows:

### AS TO "NATURE OF THE CASE"

1.  Defendant denies the allegations contained in Paragraph 1 of the Complaint.

## AS TO "JURISDICTION"

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.    Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of the Complaint.

## AS TO "PROCEDURAL PREREQUISITES"

5.    Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

## AS TO "PARTIES"

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.    Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.    Defendant denies the allegations contained in paragraph 10 of the Complaint.

## AS TO "MATERIAL FACTS"

11.    Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.    Defendants denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.   Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.   Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.   Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.   Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.   Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.   Defendant denies the allegations contained in paragraph 41 of the Complaint.

## AS TO "AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII"

42.   Defendant repeats and realleges each and every response contained in paragraphs 1 through 41, above, as if more fully set forth herein at length, and denies each and every allegation unequivocally and explicitly admitted hereinabove.

43.   Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.   Defendant denies the allegations contained in paragraph 44 of the Complaint.

## AS TO "AS A SECOND CAUSE OF ACTION
## FOR RETALATION UNDER TITLE VII"

45.   Defendant repeats and realleges each and every response contained in paragraphs 1 through 44, above, as if more fully set forth herein at length, and denies each and every allegation unequivocally and explicitly admitted hereinabove.

46.   Defendant denies the allegations contained in paragraph 46 of the Complaint, and refers Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166)(race, color, gender, religion, national origin) for the content therein. To the extent Paragraph 46 contains any allegations of fact, Defendant denies them.

47.   Defendant denies the allegations contained in paragraph 47 of the Complaint.

## AS TO "AS A THIRD CAUSE OF ACTION
## FOR RETALATION UNDER TITLE VII"

48.   Defendant repeats and realleges each and every response contained in paragraphs 1 through 47, above, as if more fully set forth herein at length, and denies each and every allegation unequivocally and explicitly admitted hereinabove.

49.   Defendant denies the allegations contained in paragraph 49 of the Complaint and refers to The New York City Administrative Code for the content therein. To the extent Paragraph 49 contains any allegations of fact, Defendant denies them.

50.   Defendant denies the allegations contained in paragraph 50 of the Complaint.

**AS TO "A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"**

51.   Defendant repeats and realleges each and every response contained in paragraphs 1 through 50, above, as if more fully set forth herein at length, and denies each and every allegation unequivocally and explicitly admitted hereinabove.

52.   Defendant denies the allegations contained in paragraph 52 of the Complaint, and refers to The New York City Administrative Code for the content therein. To the extent Paragraph 52 contains any allegations of fact, Defendant denies them.

53.   Defendant denies the allegations contained in paragraph 53 of the Complaint.

**AS TO "A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE"**

54.   Defendant repeats and realleges each and every response contained in paragraphs 1 through 53, above, as if more fully set forth herein at length, and denies each and every allegation unequivocally and explicitly admitted hereinabove.

55.   Defendant denies the allegations contained in paragraph 55 of the Complaint, and refers to the contents of The New York City Administrative Code for the content therein. To the extent Paragraph 55 contains any allegations of fact, Defendant denies them.

56.   Defendant denies the allegations contained in paragraph 56 of the Complaint.

**AS TO "JURY DEMAND"**

57.   Defendant admits that Plaintiff seeks trial by jury in paragraph 57 of the Complaint, but denies that claims and issues raised therein are subject to trial by jury.

## AS TO "WHEREFORE" CLAUSE

Defendant denies the allegations contained in Plaintiff's "WHEREFORE" clause, including specifically sub-paragraphs A through E, and further denies that Plaintiff is entitled to the relief demanded therein.

*     *     *

## ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to state a cause of action upon which relief could be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to make diligent and good faith efforts to mitigate purported damages, any relief awarded must be dismissed or reduced, in whole or in part.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint and the claims for relief stated therein should be dismissed because Defendant, at all times, acted reasonably and in good faith toward Plaintiff and did not engage in unlawful harassment, retaliation, discrimination or other wrongdoing.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Even if it were shown that Plaintiff's race, color, national origin or making of a complaint of any kind was the subject of any adverse personnel action, the same action(s) would have been taken with respect to Plaintiff without regard thereto and, as such, this Complaint should be dismissed for failure to state a claim upon which relief could be granted and/or any relief to Plaintiff should be limited or precluded.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Court should not exercise subject matter, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction and such remedy is not available under the New York Human Rights Law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff engaged in acts of misconduct prior to or during employment with Defendant, which, if known, would have resulted in denial of employment to or termination of the employment of Plaintiff, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct whenever discovered.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are compensable under the New York Workers' Compensation Law, those claims are barred by the exclusive remedy provision of said Law.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because (a) Defendant exercised reasonable care to prevent and to correct promptly any harassing behavior or other discriminatory or retaliatory conduct; and, (b) Plaintiff unreasonably failed to utilize and to cooperate in preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because and to the extent that she failed to exhaust administrative remedies or fulfill statutory prerequisites to suit.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any demand for punitive damages should be denied or stricken because Defendant exercised reasonable care to prevent and/or correct any allegedly harassing or discriminatory behavior.

\*      \*      \*

Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, Defendant respectfully request that the Court enter a Judgment as follows:

A.      Finding that Plaintiff has no claim against Defendant and granting judgment in favor of Defendant and against Plaintiff and that Plaintiff take nothing from this action;

        B.      Denies Plaintiff all relief requested in the Complaint, including all

compensatory, punitive or other damages, as well as all equitable and injunctive relief;

        C.      Awarding to Defendant costs and attorneys' fees incurred defending this

action; and,

        D.      Granting such other and further relief as this Court deems just and proper.

Dated: Melville, New York
      August 27, 2014

                           Respectfully submitted,

                           JACKSON LEWIS P.C.
                           *ATTORNEYS FOR DEFENDANT*
                           58 South Service Road, Suite 250
                           Melville, New York  11747
                           (631) 247-0404

By:

                           PAUL J. SIEGEL, ESQ.
                           ADAM G. GUTTELL, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014, Defendant's Answer to Plaintiff's Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules and the Eastern District's Rules on Electronic Service upon the following parties and participants:

Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
PHILLIPS & ASSOCIATES
ATTORNEYS AT LAW, PLLC
45 Broadway, Suite 620
New York, New York  10006

ADAM G. GUTTELL, ESQ.

4843-7470-1852, v. 1