UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA FISHER,   :
     :
        Plaintiff,   :
     :   **DECISION & ORDER**
v.   :   14-CV-3461 (WFK)(JO)
     :
MERMAID MANOR HOME FOR   :
ADULTS, LLC,   :
     :
        Defendant.   :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

    The Court received the motion of Defendant Mermaid Manor Home for Adults, LLC this morning. The motion respectfully requests this Court to reconsider its ruling of July 14, 2016, denying the request to engage in a whole sale dump of deposition testimony in this jury trial and directing the Defendant to call the adverse party to testify before the trier of fact in this action: The Jury.

    The sole case cited by the Defendant, a decision by a magistrate judge in the Southern District of New York, which is not binding on this or any other District Court, Wei Yan Yan—in accurately cited as "Wan"—versus 520 Asian Restaurant Corp., 2014 U.S. Dist. LEXIS 123920 (S.D.N.Y. Sept. 4, 2014) (Fox, M.J.), bears little resemblance to the action before this Court.

    The *Yan* case was a bench trial, not a jury trial. Here, the finder of fact is not the Judge but rather the Jury. The Defendant is perfectly capable of calling the Plaintiff, Ms. Lisa Fisher, to the stand as a declared adverse witness and posing whatever questions it deems appropriate to the Plaintiff. If the answers it receives vary from those given at the time of the deposition, the

Defendant may use the prior inconsistent deposition responses to impeach the in-court trial testimony presented to the Jury.

The Defendant relies upon a misreading of the plain language of Federal Rule of Civil Procedure 32(a)(3). Federal Rule of Civil Procedure 32(a)(3) provides:

> An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

The Defendant emphasizes the language "for any purpose." The Court's ruling of July 14, 2016, however, was based upon the language that immediate follows: "the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee." The Plaintiff, Ms. Lisa Fisher, is not "the party's officer, director, managing agent, or designee," and this precludes the Defendant from introducing the deposition testimony of Ms. Fisher through a wholesale dump of deposition testimony, whether included in the Pretrial Order or not. *See, e.g., Wei Yan Yan*, 2014 U.S. Dist. LEXIS 123920 at *1; *Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 408 (E.D.N.Y. 2013) (Garaufis, J.); *see also* Handbk. Fed. Civ. Disc. & Disclosure § 7:11 (3d ed.).

The Court also excludes the proposed wholesale dump of deposition testimony under Federal Rule of Evidence 403. Given that all objections other than those to the form of the question are reserved until the time of trial, the prospects of confusing the jury, undue delay, wasting time, and needlessly presenting cumulative evidence substantially outweighs any probative value for presentation of evidence to the finder of fact: The Jury.

The Court, having reconsidered its decision, DENIES the application of the Defendant to revise the ruling of July 14, 2016, regarding the proposed use of the Plaintiff's deposition

designations in a manner to deprive the Jury, as finder of fact, from observing the live testimony of the Plaintiff, who is present and in court.

The Motion of the Defendant for modification of the July 14, 2016 order is DENIED.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: July 15, 2016
Brooklyn, New York